

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

MEMO ENDORSED

June 28, 2021

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Omar Adams*, 20 Cr. 655 (KPF)

Dear Judge Failla:

      The Government respectfully submits this letter in opposition to defendant Omar Adams's request to modify the conditions of his pretrial release to remove the currently imposed home detention condition in favor of a curfew. The Government believes home detention is the least restrictive condition that will assure the safety of the community and the defendant's continued appearance in court, as required under 18 U.S.C. § 3142. For the reasons set forth below, the Government opposes any modification of the defendant's home detention condition.

**I.**    **Background**

      On July 8, 2020, an employee of a hospital in the Bronx (the "Hospital") called 911 and reported that there was a black male who had a gun in his pocket. This male was later identified as the defendant. Several New York City Police Department officers responded to the Hospital. When they arrived, Hospital security informed them that the defendant had gone upstairs. After one of the NYPD officers went upstairs and observed the defendant, the officer asked the defendant to slow down. In response, the defendant indicated that he was looking for his father and ran away. The NYPD officers were then informed by Hospital security that the defendant left the Hospital.

      The NYPD officers began to canvass the area. While canvassing, the officers observed the defendant in the vicinity of 228th and 229th Street and White Plains Road. After observing the defendant, one of the officers exited his police vehicle and started to chase the defendant, who was running away. The officer told the defendant to stop running. While the defendant was running, the officer observed the defendant toss a firearm in the vicinity of 228th Street and White Plains Road. After the defendant tossed the firearm, he continued to run and was eventually stopped by another police officer. The defendant was then arrested.

After the arrest, several officers went to 228th Street and White Plains Road to look for the firearm. After approximately 40 minutes of searching, one officer found a magazine (the "Magazine") on an abandoned mattress in a grassy area in the vicinity of 228th Street and White Plains Road. The Magazine can hold 9-millimeter luger caliber cartridges, had a Smith & Wesson marking, and had a dent in it. Shortly thereafter, a few feet away from the Magazine, in the same grassy area, another officer found a 9-millimeter luger caliber Smith & Wesson pistol (the "Firearm"). The Firearm was missing the magazine.

## II. Procedural History

On November 11, 2020, the Honorable Debra Freeman United States Magistrate Judge for the Southern District of New York, signed complaint 20 Mag. 12101 (the "Complaint") (Dkt. No. 1), charging Omar Adams, with one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 2. On November 20, 2020, the defendant was arrested and presented before the Honorable Kevin N. Fox, United States Magistrate Judge for the Southern District of New York. At the time of the presentment, the Government argued for detention, which Judge Fox granted over the defendant's opposition. That same day, the defendant appealed the decision to the Honorable J. Paul Oetken, United States District Judge for the Southern District of New York. Judge Oetken released the defendant on bail, subject to certain conditions, including home detention.

On November 11, 2020, Judge Freeman also signed a warrant to obtain DNA samples from the defendant. Pursuant to that warrant, the Office of Chief Medical Examiner subsequently analyzed the DNA on the Firearm and found the defendant's DNA on the trigger and trigger guard of the Firearm.

On December 3, 2020, a grand jury returned Indictment 20 Cr. 655 (KPF), charging the defendant with one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 2. Because the defendant committed the instant offense subsequent to obtaining one felony conviction for a crime of violence—namely, first degree robbery—this offense results in a base offense level of 20. *See* U.S.S.G. § 2K2.1(a)(4). In addition, because of the defendant's lengthy criminal history, which includes conduct such as assault, attempted assault, and criminal possession of a weapon, the defendant is in Criminal History Category VI.

On May 10, 2021, the defendant's pretrial officer submitted a letter to this Court, describing several instances in which the defendant had failed to comply with his conditions of release. Specifically, on many occasions, the defendant failed to return home as scheduled after work. On May 19, 2021, the Court held a bail hearing and advised the defendant to strictly comply with his bail conditions.

## III. Discussion

The defendant has now asked for removal of the home detention condition and a replacement with a curfew, he says, because it would allow him additional flexibility for work and personal commitments, including to meet work requests from his supervisor and run personal

errands without advanced planning, such as grocery shopping. This Court should reject the motion.

To begin, the conduct at issue in this case is extremely serious. The defendant entered the Hospital with a loaded firearm. Once the defendant was approached by police, he ran away. When he observed the police on the street near the Hospital, he continued to run, even after the police had told him to stop running. Then, the defendant threw the Firearm into a grassy area between two buildings and continued to run before being stopped and arrested by the police. Bringing the loaded Firearm into the Hospital and then subsequently tossing the Firearm into a grassy area that is open to the public was extremely dangerous. Had the Firearm not been quickly recovered by the police, anyone—including a child or an individual with nefarious intent—could have picked up the Firearm and used it. In addition, the defendant's criminal history indicates that this is not the defendant's first serious and dangerous offense. As previously stated, the defendant has several prior convictions, including for first degree robbery, assault, attempted assault, and criminal possession of a weapon. In light of this pattern of dangerous conduct and the significant guidelines the defendant faces, the Government continues to believe that home detention is necessary to protect the community and ensure that the defendant does not flee.

While the defendant may wish to have additional flexibility to comply with his work and personal commitments, the Government understands that pretrial typically requires 72 hours' notice for scheduling changes for those supervisees on pretrial supervision. This relatively small imposition on the defendant is necessary to maintain the safety of the community. Finally, while it appears the defendant has generally been complaint with his supervision since his bail hearing on May 19, 2021, this indicates that the conditions are working, not that they are unnecessary.

Accordingly, the Government opposes the defendant's request for modification of the conditions of his release.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____
Rebecca T. Dell
Assistant United States Attorney
(212) 637-2198

The Court is in receipt of Mr. Adams's request to modify his conditions of bail to provide for a curfew rather than home detention (Dkt. #32), as well as the Government's above response in opposition (Dkt. #35).  Based on the current record, the Court is not confident that a curfew is sufficient to ensure the safety of the community and Defendant's continued appearance in court.  Accordingly, Defendant's request is DENIED at this time and the home detention condition shall remain in effect.

SO ORDERED.

Dated: June 29, 2021
       New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE